# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 <br> Hon. Marianne O. Battani |
| THIS DOCUMENT RELATES TO: | |
| Product(s): Wire Harnesses | |
| ALL DEALERSHIP ACTIONS <br> ALL END-PAYOR ACTIONS | W:12-cv-00102-MOB-MKM <br> W:12-cv-00103-MOB-MKM |

**END-PAYOR PLAINTFFS AND AUTOMOBILE DEALERS' OPPOSITION TO DEFENDANT KYUNGSHIN-LEAR'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL ACCORDING TO 28 USC 1292(B) AND FOR A STAY OF PROCEEDINGS PENDING APPEAL**

## COUNTERSTATEMENT OF THE ISSUES PRESENTED

1. Should the Court deny Kyungshin-Lear Sales and Engineering, LLC's ("KL-Sales") motion to certify for immediate appeal under 28 U.S.C. §1292(b) the question of whether the Court correctly applied Fed. R. Civ. P. 8 and the *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) standards when it denied KL-Sales' motion to dismiss the End-Payor Plaintiffs and Automobile Dealers' Consolidated Amended Class Action Complaints, when there is no ground for a substantial difference of opinion regarding the question, the question is not one of first impression, and certifying the question would not materially advance the termination of the litigation?

2. Should the Court deny KL-Sales' stay request when it is unlikely that the Sixth Circuit would reverse the Court's order denying KL-Sales' motions to dismiss and KL-Sales will not be irreparably harmed if a stay is not granted?

After considering hundreds of pages of briefing and holding two days of oral argument, the Court issued 10 separate Opinions and Orders totaling 157 pages, which thoughtfully analyzed and addressed each of the Defendants' numerous motions to dismiss the Direct Purchaser, End-Payor and Automobile Dealer Plaintiffs' respective Consolidated Amended Class Action Complaints ("CACs"). The Court sustained virtually all of the claims set forth in the CACs, including the claims asserted by End-Payor Plaintiffs and Automotive Dealers ("IPPs") against Defendant, Kyungshin-Lear Sales and Engineering, LLC ("KL-Sales").

Unhappy with the result, KL-Sales asks the Court to certify its Order and Opinion denying KL-Sales' motion to dismiss ("Dismissal Order") for interlocutory appeal pursuant to 28 U.S.C. §1292(b). As set forth in Plaintiffs' Collective Opposition to Defendant Lear Corporation's Motion to Certify Order for Interlocutory Appeal Pursuant to 28 U.S.C. §1292(b) ("Lear Opposition")[1], because the extraordinary circumstances required for §1292(b) certification are absent, KL-Sales motion should be denied. Indeed, KL-Sales motion is simply a rehash of the arguments it raised in its motion to dismiss, each of which was considered and properly rejected by the Court.

In its Dismissal Order, the Court held that, contrary to KL-Sales' arguments, the Court must read the CACs as a whole. *Id.* at 5 (citing *Cont'l Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962)). Accordingly, the Court found that IPPs' allegations of: (1) numerous guilty pleas in which defendants admitted to meeting and agreeing to allocate supply, rig bids and fix price of Automotive Wire Harness Systems; (2) the existence of explicit agreements to restrain trade; (3) market conditions open to collusion; (4) the strength of defendants in the market place; and (5) opportunities for defendants to conspire sufficiently "advance a claim against K-L Sales that it participated in a conspiracy in restrain[t] of trade or

---

[1] IPPs incorporate by reference the arguments raised by Plaintiffs in the Lear Opposition.

2

commerce." *Id*. at 5.

In short, the Dismissal Order concisely analyzed the applicable law – *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) – and applied it to the facts at issue.  That Kl-Sales is unhappy with the Court's conclusion does not constitute the extraordinary circumstances required for §1292(b) certification. *Babyage.com, Inc. v. Toys "R" US, Inc.*, No. 05-6792, 2008 U.S. Dist. LEXIS 53918, at *63-67 (E.D. Pa. July 15, 2008) (quarrels over the district court's application of the correct legal standard do not serve as a valid basis for a §1292(b) interlocutory appeal); *Flying J. Inc. v. TA Operating Corp.*, No. 1:06-CV-30-TC, 2007 U.S. Dist. LEXIS 85613, at *4 (D. Utah Nov. 20, 2007) (denying defendants' motion for certification of a dismissal order for interlocutory appeal where "Defendants do not disagree that *Twombly* provides the correct legal standard.  Rather, they disagree with the court's interpretation and application of *Twombly* to the allegations of Plaintiffs' complaint"); *First Am. Corp. v. Al-Nahayan*, 948 F. Supp. 1107, 1116 (D.D.C. 1996) ("Mere disagreement, even if vehement, with a court's ruling on a motion to dismiss does not establish a 'substantial ground for difference of opinion' sufficient to satisfy the statutory requirements for an interlocutory appeal.").

Accordingly, for the reasons set forth herein and for those set forth in the Lear Opposition, IPPS respectfully submit that KL-Sales' motion for interlocutory appeal of the Dismissal Order be denied.

Dated: July 22, 2013                    Respectfully submitted,

/s/ E. Power Miller
E. Powell Miller
Adam T. Schnatz
THE MILLER LAW FIRM, P.C
950 W. University Dr., Suite 300
Rochester, MI 48307
(248) 841-2200
epm@millerlawpc.com
ats@millerlawpc.com

*Interim Liaison Counsel for End-Payor Plaintiffs*

Hollis Salzman
Bernard Persky
William V. Reiss
ROBINS, KAPLAN, MILLER
& CIRESI L.L.P.
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
Facsimile:  (212) 980-7499
hsalzman@rkmc.com
bpersky@rkmc.com
wvreiss@rkmc.com

Terrell W. Oxford
Warren T. Burns
SUSMAN GODFREY LLP
901 Main Street, Suite 5100
Dallas, Texas 75202
Telephone: (214) 754-1900
Facsimile:  (214)754-1933
toxford@susmangodfrey.com
wburns@susmangodfrey.com

Marc M. Seltzer
Steven G. Sklaver
SUSMAN GODFREY LLP
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile:  (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Frank Damrell
Steven N. Williams
Adam J. Zapala
Gene W. Kim
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile:  (650) 697-0577
fdamrell@cpmlegal.com
swilliams@cpmlegal.com
azapala@cpmlegal.com
gkim@cpmlegal.com

*Interim Co-Lead Counsel for End-Payor Plaintiffs*

Don Barrett
David McMullan
Brian Herrington
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone:  (662) 834-2488
Facsimile:   (662)834.2628
dbarrett@barrettlawgroup.com
bherrington@barrettlawgroup.com
dmcmullan@barrettlawgroup.com

5

Jonathan W. Cuneo
Joel Davidow
Victoria Romanenko
CUNEO GILBERT & LADUCA, LLP
507 C Street, N.E.
Washington, DC 20002
Telephone:  (202) 789-3960
Facsimile:   (202) 789-1813
jonc@cuneolaw.com
Joel@cuneolaw.com
Vicky@cuneolaw.com

Shawn M. Raiter
Paul A. Sand
LARSON KING, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone:  (651) 312-6500
Facsimile:   (651) 312-6618
sraiter@larsonking.com
psand@larsonking.com

*Interim Co-Lead Counsel for the Automobile Dealer Plaintiffs*

6