**Exhibit B to the Settlement Agreement**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : : | 12-md-02311 |
| PRODUCT(S): AUTOMOTIVE WIRE HARNESSES | : : : : : | Hon. Marianne O. Battani |
| This Document Relates to: ALL END-PAYOR ACTIONS | : : : : : | Case No. 12-cv-00103 |

**ORDER GRANTING END-PAYOR PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF SETTLEMENT WITH
DEFENDANTS LEAR CORPORATION AND KYUNGSHIN-
LEAR SALES AND ENGINEERING, LLC AND
PROVISIONAL CERTIFICATION OF A SETTLEMENT CLASS**

Upon consideration of End-Payor Plaintiffs' Motion for Preliminary Approval of Settlement with Defendants Lear Corporation ("Lear") and Kyungshin-Lear Sales and Engineering, LLC ("KL Sales") and Provisional Certification of a Settlement Class (the "Motion"), it is hereby **ORDERED** as follows:

1. The Motion is hereby **Granted.**

2. Unless otherwise set forth herein, defined terms in this Order shall have the same meaning ascribed to them in the Settlement Agreement.

Preliminary Approval of Settlement Agreement

3. This Court has jurisdiction over this action and each of the parties to the Settlement Agreement.

1

4.      The terms of the Settlement Agreement are hereby preliminarily approved, including the release contained therein, as being fair, reasonable, and adequate to the Settlement Class, subject to final approval at a Fairness Hearing.  The Court finds that the Settlement Agreement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given, pursuant to a plan to be submitted by Settlement Class Counsel and approved by the Court at a later date as provided in this Order.  The Court further finds there is a sufficient basis for notifying the class of the proposed settlement, pursuant to the Notice Motion (defined in paragraph 9 below), to be submitted by End-Payor Plaintiffs for Court approval, and for enjoining class members from proceeding in any other action pending the conclusion of the Fairness Hearing.

Class Certification

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met and provisionally certifies the following class for settlement purposes (the "Settlement Class"):

> All persons and entities from January 1, 2000 through May 5, 2014 who:  (1) purchased or leased a new motor vehicle in the United States for personal use and not for resale which included one or more Automotive Wire Harness System(s) as a component part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant or any co-conspirator of the Defendants, or (2) indirectly purchased one or more Automotive Wire Harness System(s) as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant or any co-conspirator of the Defendants. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal government entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Automotive Wire Harness Systems directly for resale.

6. The Court finds that provisional certification of the Settlement Class is warranted in light of the Settlement Agreement because: (a) the Settlement Class is so numerous that joinder is impracticable; (b) End-Payor Plaintiff Class representatives' claims present common issues of law and fact and are typical of the Settlement Class; (c) End-Payor Plaintiff Class representatives and Settlement Class Counsel (defined below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that End-Payor Plaintiff Class representatives' interests are aligned with the interests of all other members of the Settlement Class. The Court also finds settlement of this action on a class basis superior to other means of resolving the matter.

## Appointment of Settlement Class Counsel

7. The Court hereby appoints Cotchett, Pitre & McCarthy LLP, Robins, Kaplan, Miller & Ciresi L.L.P., and Susman Godfrey L.L.P. as Settlement Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

8. Each End-Payor Plaintiff Class representative named in the Complaint will serve as End-Payor Plaintiff Class representative on behalf of the Settlement Class.

## Notice to Potential Class Members

9. Prior to the Fairness Hearing, Settlement Class Counsel shall utilize the best available means of providing notice of the Settlement Agreement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law. Such means of providing notice will be addressed in a subsequent Order following

submission by End-Payor Plaintiffs at a later date of a proposal for notice to the Settlement Class and related forms for notice, claims, and distribution ("Notice Motion").

10. The Notice Motion shall include a proposed form of, method for, and date of dissemination of notice, consistent with the Settlement Agreement. The date on which the notice is mailed shall be the "Notice Date."

11. Notice to members of the Settlement Class, except statutory notice required to be given by Lear and KL Sales pursuant to 28 U.S.C. § 1715, shall be the responsibility of Settlement Class Counsel.

## Other Provisions

12. As of the date of the entry of this Order, End-Payor Plaintiffs and all members of the Settlement Class shall be preliminarily enjoined from commencing, prosecuting, or continuing any action against Lear and/or KL Sales based upon or related to the Released Claims pending Final Approval of the settlement or until such time as this Court lifts such injunction by subsequent order.

13. In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of End-Payor Plaintiffs, Lear, KL Sales, or the members of the Settlement Class.

14. The Court's provisional certification of the Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest certification of any other class proposed in these coordinated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the

Court's ruling(s) concerning any Defendant's motion; and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

15. The Court approves the establishment of the escrow account under the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 1.468B-1 and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Settlement Class Counsel are, in accordance with the Settlement Agreement, authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

16. If the Settlement Agreement is terminated or is ultimately not approved, any of the parties may seek to modify any Court-ordered schedule to ensure that the End-Payor Plaintiffs, Lear, and KL Sales will have sufficient time to prepare for the resumption of litigation, including but not limited to the completion of discovery, preparation of expert reports, the filing of class certification motion(s), the filing of summary judgment motion(s), and preparation for trial. The End-Payor Plaintiffs, Lear, and KL Sales have agreed, and the Court so orders, that this Settlement Agreement and its contents, including its exhibits, and any and all statements, negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing or of the truth of any of the claims, allegations, or defenses contained in the complaints in the Actions or any other pleading or filing, and evidence thereof shall not be discoverable or used, directly or indirectly, in any way, whether in the Actions or in any other action or proceeding. Neither this Settlement Agreement, nor any of the negotiations or

proceedings connected with it, nor any other action taken to carry out its terms by Lear and/or KL Sales shall be referred to, offered as evidence, or received in evidence in any pending or future civil, criminal, or administrative action or proceedings, except in a proceeding to enforce this Settlement Agreement, or to defend against the assertion of the Released Claims, or as otherwise required by law.

17. The litigation against Lear and KL Sales is stayed except to the extent necessary to effectuate the Settlement Agreement.

IT IS SO ORDERED

Date: July 3, 2014  
                                            s/Marianne O. Battani  
                                            MARIANNE O. BATTANI  
                                            United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on July 3, 2014.

                                            s/ Kay Doaks  
                                            Case Manager