UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

IN RE: AUTOMOTIVE PARTS
ANTITRUST LITIGATION                                MASTER FILE NO. 12-md-02311

_____

In Re: Wire Harness Cases                           HON. MARIANNE O. BATTANI

_____

THIS DOCUMENT RELATES TO:

End-Payor Actions                                   2:12-cv-00103

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' COLLECTIVE MOTION TO DISMISS CERTAIN CLAIMS
IN THE END-PAYORS' CORRECTED THIRD AMENDED
<u>CONSOLIDATED CLASS ACTION COMPLAINT</u>**

Before the Court is Defendants' Collective Motion to the Dismiss Certain Claims in the End-Payors' Corrected Third Amended Consolidated Class Action Complaint (Doc. No. 194). End-Payor Plaintiffs (EPPs) filed their Corrected Third Amended Complaint on April 10, 2014. In their complaint, among other things, EPPs added claims under the South Carolina Unfair Trade Practices Act ("SCUPTA") and the Arkansas Deceptive Trade Practices Act ("ADPTA"). Defendants move to dismiss both claims under Fed. R. Civ. P. 12(b)(6). For the reasons that follow, the motion is **GRANTED in part** and **DENIED in part**.

## I. INTRODUCTION

In their First Consolidated Amended Class Action Complaint, End-Payor Plaintiffs brought claims pursuant to state antitrust, unfair competition, and consumer protection laws, and sought restitution, damages, and other relief from Defendants, who are manufacturers or sellers of Wire Harness Systems ("WHS"). EPPs did not include claims under the South Carolina Unfair Trade Practices Act ("SCUPTA") or the Arkansas Deceptive Trade Practices Act ("ADPTA").

On March 21, 2013, EPPS sought leave to amend their complaint and added these two state claims. The Court previously addressed the two claims at issue in this motion. Specifically, the Court addressed the viability of the claims, which were brought by the Automobile Dealers Plaintiffs (ADPs) in Case. No. 12-102. The Court rejected dismissal of both claims in its June 6, 2013 decision. (See Doc. No. 99 in 12-102).

Thereafter, the Court granted EPPs' motion to amend and determined that adding these claims was not futile. (See Doc. No. 184 in 12-103).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows district courts to dismiss a complaint which fails "to state a claim upon which relief can be granted." To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the plaintiff must show that his complaint alleges facts which, if proven, would entitle him to relief. First Am. Title Co. v. DeVaugh, 480 F.3d 438, 443 (6th Cir. 2007). "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Weiner v. Klais & Co., 108 F.3d 86,

88 (6th Cir. 1997). When reviewing a motion to dismiss, the Court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although the federal procedural rules do not require that the facts alleged in the complaint be detailed, " 'a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.' " Twombly, 550 U.S. at 555; Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

### III. ANALYSIS

#### A. South Carolina

Defendants assert that End-Payor Plaintiffs are barred from bringing their consumer protection claims under South Carolina law because it prohibits class actions. See South Carolina Unfair Trade Practices Act (SCUTPA"), S.C. Code § 39-5-140(a). Under SCUTPA, "[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by § 39-5-20 may bring an action individually, but not in a representative capacity, to recover actual damages." S.C. Code Ann. § 39-5-140(a).

Although the language of the statute is quite clear, the Court held that the Defendants had not met their burden to show dismissal of the Auto Dealer Plaintiffs' claims was necessary because Defendants relied on case law decided before the

Supreme Court's decision in Shady Grove Orthopedic Assocs., P.C. v. Allstate Ins. Co., 559 U.S. 393, 423 (2010).  The Shady Grove decision clarified that "[a] federal rule. . .cannot govern a particular case in which the rule would displace a state law that is procedural in the ordinary use of the term but is so intertwined with a state right or remedy that it functions to define the scope of the state-created right." Id.

    In contrast, here, Defendants provide support from more recent state cases to support their position.  Moreover, this Court has adopted this position in subsequent component part cases.  (See e.g. Doc. No. 86 at 43-44 in 12-203).  Specifically, the court in Stalvey v. Am. Bank Holdings, Inc., No. 4:13-cv-714, 2013 WL 6019320 at *4 (D. S.C., Nov. 13, 2013), distinguished Shady Grove, 130 S.Ct. at 1437-38, observing that "the state procedural law at issue in Shady Grove. . .lacked a substantive component" whereas the text of the SCUTPA that prohibits class actions, is part of the "substantive portions of South Carolina law and [is] not trumped by Federal Rule of Civil Procedure 23, even in light of the Shady Grove decision." See also In re MI Windows and Doors, Inc. Prods. Liability Litig., No. 2:11–cv–00167–DCN, 2012 WL 5408563 (D.S.C. Nov.6, 2012).  Accordingly, the Court is persuaded by the post-Shady Grove authority cited that ADPs cannot bring their SCUTPA claim on behalf of a putative class.

    In response, EPPs argue that the law of the case bars this motion, and that Defendants cannot meet the criteria for a motion for reconsideration.  The Court disagrees.

    The law of the case doctrine is a doctrine "directed toward a court's common sense," and is not "an inexorable command."  Hanover Ins. Co. v. Am. Eng'g Co., 105

4

F.3d 306, 312 (6th Cir. 1997). The doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona. v. California, 460 U.S. 605, 618 (1983). Therefore, when the doctrine applies, "issues decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case" for subsequent stages of the same litigation, and the Court should avoid reconsideration of those issues. Hanover, 105 F.3d at 312 (internal quotation marks and citation omitted). Only in rare circumstances will reconsideration be necessary, such as: "(1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice." Id. (citation omitted). First and foremost, the more recent case law provided to this Court demonstrates that Defendants have now met their burden to show dismissal is required. Consequently, the third prong is met–Defendants would suffer manifest injustice if forced to litigate this claim.

In addition, it is incumbent upon this Court to apply state substantive law where appropriate. See Erie R. Co. v. Tompkins, 304 U.S. 64 (1938). This Court declines to elevate the law of the case doctrine over its duty to defer to state law. See Hanover, 105 F.3d at 313.

EPPs' reliance on Local Rule 7.1(h)(3), which governs motions for reconsideration, likewise is misplaced. The rule requires a motion for reconsideration to be filed no later than 14 days after entry of the order being challenged. E. D. Mich. LR 7.1(h)(1). EPPs assert that Defendants filed too late, months after the Court's decision

denying dismissal of the ADPs' SCUPTA claim in June 2013.

EPPs added the claims on April 10, 2013; Defendants filed their motion for dismissal on April 14, 2014. Defendants had no reason to raise the viability of the claims until the third amended complaint was filed. Therefore, the Court finds the request timely.

Further, the Court rejects EPPs' contention that Defendants cannot satisfy the grounds for reconsideration because the motion presents the same issue ruled upon by the Court. Notably, the local rule does not restrict the Court's discretion in deciding grounds for reconsideration. See E. D. Mich. LR 7.1(h)(3). Upon review of the legal authority presented, which the Court implicitly invited in its June 2013 opinion, the Court finds a different disposition is required. Therefore, Defendants' request to dismiss the SCUPTA claim is granted.

### B. Arkansas

The Arkansas Deceptive Trade Practices Act ("ADTPA"), Ark. Code Ann. § 4-88-107(a)(10), allows a private cause of action only where a plaintiff suffers "actual damage or injury." Ark. Code Ann. § 4-88-113(f) (1999). Defendants assert that the "actual damage" requirement cannot be met. They rely on Wallis v. Ford Motor Co., 208 S.W.3d 153, 161 (Ark. 2005), a case in which the state court held that "[w]here the only alleged injury is the diminution in value of the product, a private cause of action is not cognizable under the ADTPA."

Defendants read Wallis broadly, arguing that the standard that is not met when a plaintiff merely alleges that he overpaid for a product. The plaintiff In Wallis brought a

claim based on a design defect, and the state court was concerned with the time actual damage occurred. It concluded that actual damage resulted when the "product actually malfunctioned or the defect has manifested itself." Id. at 162.

The Court finds Wallis factually distinguishable and unpersuasive given the factual allegations at issue here. Specifically, the plaintiff in Wallis merely alleged that the defendant manufacturer of the plaintiff's vehicle concealed a design defect, causing the plaintiff to pay more for the vehicle that its actual value. The plaintiff did not claim the vehicle malfunctioned, nor did the plaintiff allege personal injury or property damage. In contrast, here, the claim advanced arises out of the alleged illegal conspiracy to raise prices, which created damage at the time of purchase. In Burton v. Micron Tech., Inc., Case No. CV 2004-226-1 (Cir. Ct. 1st Div. Nov. 6, 2009), a case more analogous to the matter before this Court, a claim under the ADTPA based on the plaintiffs' allegation that they were overcharged pursuant to a conspiracy to fix prices on computer chips was allowed to proceed. Accordingly, the Court declines to dismiss EPPs' claim under the ADPTA.

**IV. CONCLUSION**

For the reasons stated, Defendants' motion is **GRANTED in part and DENIED in part.**

**IT IS SO ORDERED.**

Date:  July 23, 2014                              s/Marianne O. Battani

 

                MARIANNE O. BATTANI  
                United States District Judge

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on July 23, 2014.

                <u>s/ Kay Doaks</u>  
                Case Manager