UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
|  | : |  |
| In Re: Wire Harness | : | 2:12-cv-00103 |
| In Re: Instrument Panel Clusters | : | 2:12-cv-00203 |
| In Re: Fuel Senders | : | 2:12-cv-00303 |
| In Re: Heater Control Panels | : | 2:12-cv-00403 |
| In Re: Bearings | : | 2:12-cv-00503 |
| In Re: Alternators | : | 2:13-cv-00703 |
| In Re: Anti-Vibrational Rubber Parts | : | 2:13-cv-00803 |
| In Re: Windshield Wiper Systems | : | 2:13-cv-00903 |
| In Re: Radiators | : | 2:13-cv-01003 |
| In Re: Starters | : | 2:13-cv-01103 |
| In Re: Ignition Coils | : | 2:13-cv-01403 |
| In Re: Motor Generator | : | 2:13-cv-01503 |
| In Re: HID Ballasts | : | 2:13-cv-01703 |
| In Re: Inverters | : | 2:13-cv-01803 |
| In Re: Electric Powered Steering Assemblies | : | 2:13-cv-01903 |
| In Re: Fan Motors | : | 2:13-cv-02103 |
| In Re: Fuel Injection Systems | : | 2:13-cv-02203 |
| In Re: Power Window Motors | : | 2:13-cv-02303 |
| In Re: Automatic Transmission Fluid Warmers | : | 2:13-cv-02403 |
| In Re: Valve Timing Control Devices | : | 2:13-cv-02503 |
| In Re: Electronic Throttle Bodies | : | 2:13-cv-02603 |
| In Re: Air Conditioning Systems | : | 2:13-cv-02703 |
| In Re: Windshield Washer Systems | : | 2:13-cv-02803 |
| In Re: Spark Plugs | : | 2:15-cv-03003 |
| In Re: Automotive Hoses | : | 2:15-cv-03203 |
| In Re: Ceramic Substrates | : | 2:16-cv-03803 |
| In Re: Power Window Switches | : | 2:16-cv-03903 |
|  | : |  |
| THIS DOCUMENT RELATES TO:<br>End-Payor Actions | : : : | |

**SUPPLEMENTAL DECLARATION OF STEVEN N. WILLIAMS REGARDING
END-PAYOR PLAINTFFS' LITIGATION FUND IN SUPPORT OF
END-PAYOR PLAINTIFFS' MOTION FOR AN AWARD OF
ATTORNEYS' FEES AND REIMBURSEMENT OF CERTAIN EXPENSES
IN CONNECTION WITH THE ROUND 2 SETTLEMENTS**

I, Steven N. Williams, declare as follows:

1. I am an attorney duly licensed to practice in the States of California, New York, and New Jersey and I am admitted to this Court. I am a Partner with the law firm of Cotchett, Pitre & McCarthy, LLP ("CPM") and, along with Robins Kaplan LLP and Susman Godfrey L.L.P, am Interim Co-Lead Counsel of record for the End Payor Plaintiffs ("EPPs") in *In re Automotive Parts Antitrust Litigation* ("*Auto Parts*"). I have personal knowledge of the facts set forth in this declaration and, if called upon, I could and would competently testify thereto. I make this Declaration pursuant to 28 U.S.C. § 1746.

2. I make this Declaration in support of EPPs' Motion for an Award of Attorneys' Fees and Reimbursement of Expenses in connection with EPPs' settlements with the following Defendant Groups in the following actions:

   a. Aisin Seiki Co., Ltd. and Aisin Automotive Casting, LLC in *Valve Timing Control Devices*;

   b. DENSO Corporation, DENSO International America, Inc., DENSO International Korea Corporation, DENSO Korea Automotive Corporation, DENSO Automotive Deutschland GmbH, ASMO Co., Ltd., ASMO North America, LLC, ASMO Greenville of North Carolina, Inc., and ASMO Manufacturing, Inc. in (i) *Wire Harness Systems*, (ii) *Instrument Panel Clusters*, (iii) *Fuel Senders*, (iv) *Heater Control Panels*, (v) *Alternators*, (vi) *Windshield Wiper Systems*, (vii) *Radiators*, (viii) *Starters*, (ix) *Ignition Coils*, (x) *Motor Generators*, (xi) *HID Ballasts*, (xii) *Inverters*, (xiii) *Air Flow*

1

    *Meters*[1], (xiii) *Fan Motors*, (xiv) *Fuel Injection Systems*, (xv) *Power Window Motors*, (xvi) *Automatic Transmission Fluid Warmers*, (xvii) *Valve Timing Control Devices*, (xviii) *Air Conditioning Systems*, (xix) *Windshield Washer Systems*, (xx) *Spark Plugs*, and (xxi) *Ceramic Substrates*;

 c. Furukawa Electric Co., Ltd. and American Furukawa, Inc. in *Wire Harness Systems*;

 d. G.S. Electech, Inc., G.S. Wiring Systems Inc., and G.S.W. Manufacturing, Inc. in *Wire Harness Systems*;

 e. Leoni Wiring Systems, Inc. and Leonische Holding Inc. in *Wire Harness Systems*;

 f. Mitsubishi Electric Corporation, Mitsubishi Electric US Holdings, Inc., and Mitsubishi Electric Automotive America, Inc. in (i) *Wire Harness Systems*, (ii) *Alternators*, (iii) *Starters*, (iv) *Ignition Coils*, (v) *HID Ballasts*, (vi) *Electric Power Steering Assemblies*, (vii) *Fuel Injection Systems*, (viii) and *Valve Timing Control Devices*;

---

[1] Because the Fuel Injection Systems Settlement Class in the DENSO and MELCO settlements includes end-payor purchasers of Air Flow Meters and Electronic Throttle Bodies, the settlement agreements with DENSO and MELCO do not provide for separate settlement classes for end-payor purchasers of Air Flow Meters and Electronic Throttle Bodies. Recently, the Court consolidated the Air Flow Meters and Fuel Injection Systems actions. *See* Stipulation and Order to Consolidate Air Flow Meters Actions and Fuel Injection Systems Actions, Case No. 2:13-cv-2003, Doc. No. 88. In addition, EPPs intend to move the Court to consolidate the Electronic Throttle Bodies action into the Fuel Injection Systems action. For the sole purpose of implementing the settlement agreement, and subject to a reservation of all rights, DENSO will not oppose such consolidation. *See* Motion for Preliminary Approval of Settlement with DENSO Defendants, Case No. 2:13-cv-2003, Doc. No. 65, n.5, n.11.

  g. NSK Ltd., NSK Americas, Inc., NSK Steering Systems Co., Ltd., and NSK Steering Systems America, Inc. in (i) *Bearings* and (ii) *Electric Powered Steering Assemblies*;

  h. Omron Automotive Electronics Co. Ltd. in *Power Window Switches*;

  i. Schaeffler Group USA Inc. in *Bearings*;

  j. Sumitomo Riko Co. Ltd. and DTR Industries, Inc. in (i) *Anti-Vibration Rubber Parts* and (ii) *Automotive Hoses*;

  k. Tokai Rika Co., Ltd. and TRAM, Inc. d/b/a Tokai Rika U.S.A. Inc. in *Wire Harness Systems*; and

  l. Valeo Japan Co., Ltd., Valeo Inc., Valeo Electrical Systems, Inc., and Valeo Climate Control Corp. in *Air Conditioning Systems*.

  3. EPP counsel have paid much of the expenses in *Auto Parts* from a litigation fund ("Litigation Fund") that Interim Co-Lead Counsel established for the purpose of paying expenses incurred during this litigation. Interim Co-Lead Counsel and other EPP counsel contributed to the Litigation Fund. In addition, the Court has (a) awarded EPPs the reimbursement of certain expenses incurred but not yet paid as of the time of EPPs' February 10, 2016 request for an award of reimbursement of litigation costs and (b) awarded EPPs a fund for the payment of future litigation expenses. CPM is responsible for maintaining and administering the Litigation Fund in connection with the prosecution of *Auto Parts*.

  4. Attached hereto as Exhibit A is a report summarizing the Litigation Fund expenses incurred and paid from March 1, 2016 through February 6, 2017.

5. As summarized in Exhibit A, the total amount of Litigation Fund paid during this period is **$7,331,966.65**. Exhibit A sets forth the categories of expenses that comprise this amount. Of this amount:

   a. **$2,348,869.81** was for expenses incurred and outstanding as of EPPs' February 10, 2016 request for an award of reimbursement of litigation costs. No reimbursement is sought for this amount because EPPs used the Court's award for expenses incurred but not yet paid to pay this amount.

   b. **$439,309.37** was from contributions to the Litigation Fund made by EPP counsel. EPPs used this amount to pay expenses as they were incurred before using funds made available from the Court's award of future expenses. EPPs respectfully request reimbursement of this amount.

   c. **$2,040,232.75** was for class notice pursuant to the Court's orders approving the notice program. No reimbursement is sought for this amount because the relevant settlement agreements provide that part of the settlement funds may be used for class notice, and the Court approved the use of the settlement funds for that purpose.

   d. The remaining outflows from the Litigation Fund during this period, in the amount of **$2,503,554.72,** were either from reimbursements or refunds made to the Litigation Fund for prior expenses, or from the Court's award for future litigation expenses. No reimbursement is sought for these amounts.

6. These common litigation expenses were reasonably and necessarily incurred in connection with the prosecution of the claims of the EPPs in *Auto Parts*.

7. The common litigation expenses incurred are reflected in the books and records of CPM. These books and records are prepared from checks, expense vouchers and other source materials which are regularly kept and maintained by CPM and accurately reflect the expenses incurred and the expenses paid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of February, 2017 at Burlingame, California.

*/s/ Steven N. Williams*
Steven N. Williams