**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 Honorable Marianne O. Battani |

| | |
|---|---|
| In Re: Wire Harness | Case No. 2:12-cv-00103 |
| In Re: Instrument Panel Clusters | Case No. 2:12-cv-00203 |
| In Re: Heater Control Panels | Case No. 2:12-cv-00403 |
| In Re: Bearings | Case No. 2:12-cv-00503 |
| In Re: Anti-Vibrational Rubber Parts | Case No. 2:13-cv-00803 |
| In Re: Windshield Wipers | Case No. 2:13-cv-00903 |
| In Re: Radiators | Case No. 2:13-cv-01003 |
| In Re: Starters | Case No. 2:13-cv-01103 |
| In Re: Automotive Lamps | Case No. 2:13-cv-01203 |
| In Re: Ignition Coils | Case No. 2:13-cv-01403 |
| In Re: HID Ballasts | Case No. 2:13-cv-01703 |
| In Re: Electronic Powered Steering Assemblies | Case No. 2:13-cv-01903 |
| In Re: Fan Motors | Case No. 2:13-cv-02103 |
| In Re: Fuel Injection Systems | Case No. 2:13-cv-02203 |
| In Re: Power Window Motors | Case No. 2:13-cv-02303 |
| In Re: Automatic Transmission Fluid Warmers | Case No. 2:13-cv-02403 |
| In Re: Air Conditioning Systems | Case No. 2:13-cv-02703 |
| In Re: Windshield Washer Systems | Case No. 2:13-cv-02803 |
| In Re: Constant Velocity Joint Boot Products | Case No. 2:14-cv-02903 |
| In Re: Spark Plugs | Case No. 2:15-cv-03003 |
| In Re: Shock Absorbers | Case No. 2:15-cv-03303 |
| In Re: Body Sealing Products | Case No. 2:16-cv-03403 |
| In Re: Interior Trim Products | Case No. 2:16-cv-03503 |
| In Re: Automotive Brake Hoses | Case No. 2:16-cv-03603 |
| In Re: Exhaust Systems | Case No. 2:16-cv-03703 |
| In Re: Ceramic Substrates | Case No. 2:16-cv-03803 |
| In Re: Access Mechanisms | Case No. 2:16-cv-04103 |

THIS DOCUMENT RELATES TO:

END PAYOR ACTIONS

**GEICO'S MOTION TO INTERVENE AND STAY FINAL
FAIRNESS DETERMINATION – *EXPEDITED TREATMENT REQUESTED***

PLEASE TAKE NOTICE that GEICO Corporation, Government Employees Insurance Co., GEICO General Insurance Co., GEICO Indemnity Co., GEICO Casualty Co., GEICO Advantage Insurance Co., GEICO Choice Insurance Co., GEICO Secure Insurance Co., GEICO County Mutual Insurance Co. (collectively, "GEICO"), by their counsel listed below, respectfully move this Court for an Order pursuant to Federal Rule of Civil Procedure 24 granting GEICO leave to intervene in this matter and staying the Court's final fairness determination of the Round 3 Class Settlements.

This Motion is based on the supporting memorandum and such other and further material as the Court may consider.

As required by Local Rule 7.1(a), counsel for GEICO attempted to confer with counsel for the Round 3 Settling Defendants[1] and Settlement Class Counsel shortly before filing the

---

[1] The Round 3 Settling Defendants include: Aisan Industry Co., Ltd.; Aisan Corporation of America; Franklin Precision Industry, Inc.; Hyundam Industrial Co., Ltd.; ALPHA Corporation; Alpha Technology Corporation; Alps Electric Co., Ltd.; Alps Electric (North America), Inc.; Alps Automotive, Inc.; Robert Bosch GmbH; Robert Bosch LLC; Bridgestone Corporation; Bridgestone APM Company; Calsonic Kansei Corporation; CalsonicKansei North America, Inc.; Chiyoda Manufacturing Corporation; Chiyoda USA Corporation; Continental Automotive Systems, Inc.; Continental Automotive Electronics, LLC; Continental Automotive Korea Ltd.; Diamond Electric Mfg. Co., Ltd.; Diamond Electric Mfg. Corp.; Eberspächer Exhaust Technology GmbH & Co. KG; Eberspächer North America, Inc.; MAHLE Behr GmbH & Co. KG; MAHLE Behr USA Inc.; Faurecia Abgastechnik GmbH; Faurecia Systèmes d'Échappement; Faurecia Emissions Control Technologies, USA, LLC; Faurecia Emissions Control Systems, N.A., LLC; Hitachi Automotive Systems, Ltd.; Hitachi Metals, Ltd.; Hitachi Cable America Inc.; Hitachi Metals America, Ltd.; INOAC Corporation; INOAC Group North America, LLC; INOAC USA Inc.; JTEKT Corporation; JTEKT Automotive North America, Inc.; JTEKT North America Corp., formerly d/b/a Koyo Corporation of U.S.A.; MITSUBA Corporation; American Mitsuba Corporation; Nachi-Fujikoshi Corp.; Nachi America Inc.; NGK Insulators, Ltd.; NGK Automotive Ceramics USA, Inc.; NGK Spark Plug Co., Ltd.; NGK Spark Plugs (U.S.A.), Inc.; Nishikawa Rubber Co. Ltd.; Sanden Automotive Components Corp.; Sanden Automotive Climate Systems Corp.; Sanden International (USA), Inc.; SKF USA Inc.; Stanley Electric Co., Ltd.; Stanley Electric U.S. Co., Inc.; and II Stanley Co., Inc.; Tenneco Inc.; Tenneco Automotive Operating Co., Inc.; Tenneco GmbH; Toyo Tire & Rubber Co., Ltd.; Toyo Automotive Parts (USA), Inc.; Toyo Tire North America OE Sales LLC; Usui Kokusai Sangyo

instant motion on August 14, 2018.  Counsel for the Round 3 Settling Defendants indicated they would be available for conferral later this week.  Given GEICO's interests at stake, GEICO believes it is necessary to have this motion on file as soon as practicable.  If that meet and confer remedies the need for any portion of this filing, GEICO will amend or withdraw the motion appropriately.

WHEREFORE, GEICO respectfully requests that this Court, on an expedited basis, issue an Order granting GEICO permission to intervene in this matter and staying its final fairness determination.

---

Kaisha, Ltd.; Usui International Corporation; Valeo S.A.; Yamada Manufacturing Co., Ltd.; Yamada North America, Inc.; and Yamashita Rubber Co., Ltd.; and YUSA Corporation.

Dated:  August 14, 2018                    Respectfully submitted,

                                           LEWIS ROCA ROTHGERBER CHRISTIE LLP:

                                           *s/ Dan Goldfine*
                                           _____

                                           Dan Goldfine (Adm ED MI, AZ Bar 018788)
                                           dgoldfine@lrrc.com
                                           201 East Washington St.
                                           Suite 1200
                                           Phoenix, AZ  85004
                                           602-262-5392

                                           Frederick J. Baumann (Adm ED MI, CO Bar 12156)
                                           fbaumann@lrrc.com
                                           Diane R. Hazel (Adm ED MI, CO Bar 42954)
                                           dhazel@lrrc.com
                                           1200 17th Street
                                           Suite 3000
                                           Denver, CO 80202

                                           *Attorneys for Plaintiffs*


                                           MYERS & MYERS, PLLC:

                                           */s Kelly A. Myers*
                                           _____

                                           Kelly A. Myers (P49143)
                                           kmyers@myers2law.com
                                           Rebecca J. Cassell (P64456)
                                           rcassell@myers2law.com
                                           915 N. Michigan Avenue
                                           Howell, MI 48843
                                           (517) 540-1700

                                           *Local Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 14th day of August, 2018, I caused a true and correct copy of the foregoing Motion to Intervene and Stay Final Fairness Determination to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/ Dan Goldfine*

Dan Goldfine
201 East Washington St.
Suite 1200
Phoenix, AZ  85004
602-262-5392

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |

| | |
|---|---|
| In Re: Wire Harness | Case No. 2:12-cv-00103 |
| In Re: Instrument Panel Clusters | Case No. 2:12-cv-00203 |
| In Re: Heater Control Panels | Case No. 2:12-cv-00403 |
| In Re: Bearings | Case No. 2:12-cv-00503 |
| In Re: Anti-Vibrational Rubber Parts | Case No. 2:13-cv-00803 |
| In Re: Windshield Wipers | Case No. 2:13-cv-00903 |
| In Re: Radiators | Case No. 2:13-cv-01003 |
| In Re: Starters | Case No. 2:13-cv-01103 |
| In Re: Automotive Lamps | Case No. 2:13-cv-01203 |
| In Re: Ignition Coils | Case No. 2:13-cv-01403 |
| In Re: HID Ballasts | Case No. 2:13-cv-01703 |
| In Re: Electronic Powered Steering Assemblies | Case No. 2:13-cv-01903 |
| In Re: Fan Motors | Case No. 2:13-cv-02103 |
| In Re: Fuel Injection Systems | Case No. 2:13-cv-02203 |
| In Re: Power Window Motors | Case No. 2:13-cv-02303 |
| In Re: Automatic Transmission Fluid Warmers | Case No. 2:13-cv-02403 |
| In Re: Air Conditioning Systems | Case No. 2:13-cv-02703 |
| In Re: Windshield Washer Systems | Case No. 2:13-cv-02803 |
| In Re: Constant Velocity Joint Boot Products | Case No. 2:14-cv-02903 |
| In Re: Spark Plugs | Case No. 2:15-cv-03003 |
| In Re: Shock Absorbers | Case No. 2:15-cv-03303 |
| In Re: Body Sealing Products | Case No. 2:16-cv-03403 |
| In Re: Interior Trim Products | Case No. 2:16-cv-03503 |
| In Re: Automotive Brake Hoses | Case No. 2:16-cv-03603 |
| In Re: Exhaust Systems | Case No. 2:16-cv-03703 |
| In Re: Ceramic Substrates | Case No. 2:16-cv-03803 |
| In Re: Access Mechanisms | Case No. 2:16-cv-04103 |

THIS DOCUMENT RELATES TO:

END PAYOR ACTIONS

## GEICO'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO INTERVENE AND STAY FINAL FAIRNESS DETERMINATION

GEICO Corporation, Government Employees Insurance Co., GEICO General Insurance Co., GEICO Indemnity Co., GEICO Casualty Co., GEICO Advantage Insurance Co., GEICO Choice Insurance Co., GEICO Secure Insurance Co., GEICO County Mutual Insurance Co. (collectively, "GEICO") file this Motion to Intervene and Stay Final Fairness Determination ("Motion") and state as follows:

## INTRODUCTION

This Motion arises out of a challenge by the "Round 3 Settling Defendants"[2] to GEICO's notice of exclusion from the *In re Autoparts Antitrust Litigation* Round 3 Settlements ("Round 3 Settlements"). Despite that GEICO is expressly in the various litigation classes the Round 3 Settlements addressed—and despite that the Round 3 Settling Defendants knew GEICO would

---

[2] The Round 3 Settling Defendants include: Aisan Industry Co., Ltd.; Aisan Corporation of America; Franklin Precision Industry, Inc.; Hyundam Industrial Co., Ltd.; ALPHA Corporation; Alpha Technology Corporation; Alps Electric Co., Ltd.; Alps Electric (North America), Inc.; Alps Automotive, Inc.; Robert Bosch GmbH; Robert Bosch LLC; Bridgestone Corporation; Bridgestone APM Company; Calsonic Kansei Corporation; CalsonicKansei North America, Inc.; Chiyoda Manufacturing Corporation; Chiyoda USA Corporation; Continental Automotive Systems, Inc.; Continental Automotive Electronics, LLC; Continental Automotive Korea Ltd.; Diamond Electric Mfg. Co., Ltd.; Diamond Electric Mfg. Corp.; Eberspächer Exhaust Technology GmbH & Co. KG; Eberspächer North America, Inc.; MAHLE Behr GmbH & Co. KG; MAHLE Behr USA Inc.; Faurecia Abgastechnik GmbH; Faurecia Systèmes d'Échappement; Faurecia Emissions Control Technologies, USA, LLC; Faurecia Emissions Control Systems, N.A., LLC; Hitachi Automotive Systems, Ltd.; Hitachi Metals, Ltd.; Hitachi Cable America Inc.; Hitachi Metals America, Ltd.; INOAC Corporation; INOAC Group North America, LLC; INOAC USA Inc.; JTEKT Corporation; JTEKT Automotive North America, Inc.; JTEKT North America Corp., formerly d/b/a Koyo Corporation of U.S.A.; MITSUBA Corporation; American Mitsuba Corporation; Nachi-Fujikoshi Corp.; Nachi America Inc.; NGK Insulators, Ltd.; NGK Automotive Ceramics USA, Inc.; NGK Spark Plug Co., Ltd.; NGK Spark Plugs (U.S.A.), Inc.; Nishikawa Rubber Co. Ltd.; Sanden Automotive Components Corp.; Sanden Automotive Climate Systems Corp.; Sanden International (USA), Inc.; SKF USA Inc.; Stanley Electric Co., Ltd.; Stanley Electric U.S. Co., Inc.; and II Stanley Co., Inc.; Tenneco Inc.; Tenneco Automotive Operating Co., Inc.; Tenneco GmbH; Toyo Tire & Rubber Co., Ltd.; Toyo Automotive Parts (USA), Inc.; Toyo Tire North America OE Sales LLC; Usui Kokusai Sangyo Kaisha, Ltd.; Usui International Corporation; Valeo S.A.; Yamada Manufacturing Co., Ltd.; Yamada North America, Inc.; and Yamashita Rubber Co., Ltd.; and YUSA Corporation.

opt out if GEICO's claims were not addressed—the Round 3 Settling Defendants made zero effort to settle GEICO's claims as part of the Round 3 Settlements.

GEICO timely notified the Round 3 Settling Defendants of its intent to opt out of the Round 3 Settlements via letter addressed to the class administrator (Automotive Parts Indirect Exclusions) on July 11, 2018.  GEICO also filed a complaint against the Round 3 Settling Defendants on July 13, 2018 that detailed in more than 450 paragraphs over more than 225 pages the nature of GEICO's allegations.  Three weeks later—after negotiations with some of the Round 3 Settling Defendants—the Round 3 Settling Defendants indicated for the first time that they had any purported concern about the adequacy of GEICO's opt-out letter when combined with the Complaint.

The timing of Settling Defendants' correspondence and their insinuations revolving the Fairness Hearing are suspect:

- **No** Round 3 Settling Defendant **ever** informed GEICO that it intended to raise the instant motion with the Court during the Fairness Hearing.

- At 6:10 pm and 6:26 pm on July 30, 2018, the first two Round 3 Settling Defendants informed GEICO of the instant concern**.**

- After 9:00 pm on July 30, 2018, three more Round 3 Defendants sent substantially similar letters expressing the instant concern.

- Over the next 13 days, each of the remaining Round 3 Defendants sent nearly identical letters to GEICO, with the last one on the day before that same Defendant filed the instant Motion.

- Each complaining Round 3 Settling Defendant merely told GEICO it intended to file a motion with the Court at some later date and omitted any reference to raising the issue *or having raised* the issue *ex parte* in the Fairness Hearing.

- Only one Round 3 Settling Defendant ever attempted to contact GEICO's counsel by telephone to discuss the opt out issue, and that was after the Fairness Hearing; all others simply sent nearly identical and copied letters to GEICO making it clear that the Round 3 Settling Defendants had no sincere interest to discuss the matter.

Even the Round 3 Settling Defendants' characterization of the meet and confer is suspect. Counsel for the Yamashita Defendants emailed a letter to GEICO's counsel, notifying GEICO that its clients intended to challenge the validity and effect of GEICO's exclusion request. Yamashita's counsel proposed a meet and confer with GEICO on August 3, 2018, two days after the Fairness Hearing. Ex. B, Motion to Deny GEICO's Exclusion Request as Invalid and Ineffective and to Enforce Litigation Stays ("Mot. to Deny Exclusion Request"), ECF 609. But at the Fairness Hearing, the same counsel raised the Round 3 Settling Defendants' purported issues with GEICO's opt out. This only serves to confirm the futility of any meet and confer— which was apparent to GEICO by the identical letters containing baseless arguments and absolute misstatements of GEICO's allegations.   Not knowing that the Round 3 Settling Defendants had *ex parte* communications with the Court about GEICO's opt out, GEICO's counsel responded to the Round 3 Settling Defendants' letters on the morning of August 2, 2018. GEICO emphasized that its July 11, 2018 exclusion letter to the Opt out Administrator—and its Complaint[3] filed on July 13, 2018 against the Round 3 Defendants—are unambiguous proof of

---

[3] *GEICO Corporation et al.*, No. 2:18-cv-12210-JEL-MKM.

GEICO's intent to exclude itself from the Round 3 Settlements.  Because GEICO did not believe the Round 3 Settling Defendants' claims have merit, GEICO stated that it did not believe a meet and confer was necessary.  Ex. C, Mot. to Deny Exclusion Request.

Based on the Round 3 Settling Defendants' assertions that GEICO had not opted out of the litigation classes, GEICO further notified class counsel so that class counsel could continue to represent GEICO's interests as an absent class member.  Class counsel has not responded substantively to this email.

Also, before GEICO had an opportunity to respond regarding the identical letters—***and without giving any sort of notice to GEICO***—counsel for the Round 3 Settling Defendants[4] filed an *ex parte* notice in the individual parts class cases on July 31, 2018, informing the Court they intended to challenge GEICO's opt out.[5]  *See* Notice to the Court Regarding Outstanding Issue Concerning Settlements Scheduled for a Fairness Hearing on August 1, 2018 ("Notice"), ECF 608 at 2.  In addition to concealing their ex parte filing from GEICO, the Round 3 Settling Defendants concealed from this Court that their notice was *ex parte*—compounding these harms by speciously telling this Court that GEICO's absence, was intentional.[6]  Mot. to Deny Exclusion Request at 29.

The Round 3 Settling Defendants' counsel did not serve this Notice on GEICO or file the Notice in the GEICO case.[7]  On August 1, 2018, the Court held the Final Fairness Hearing on the

---

[4] The Usui Defendants did not originally join in this Notice but has since filed its own Notice and Motion challenging GEICO's opt out.  *See* No. 2:16-cv-04003, ECF 82, ECF 84.

[5] All of the Round 3 Settling Defendants, excluding the Usui Defendants, joined in the Notice.

[6] The Round 3 Settling Defendants knew  that GEICO had not objected to the Round 1 and Round 2 Settlements, explaining to the Court that GEICO cannot both opt out and object, and expected GEICO not to attend the Round 3 Fairness Hearing.

[7] Even though the GEICO was the sole focus of the Round 3 Settling Defendants' Notice, the Round 3 Settling Defendants intentionally avoided: (1) serving the Notice on GEICO and (2) filing the Notice in the GEICO case against the Round 3 Settling Defendants, *GEICO*

Round 3 Settlements.   Because GEICO had only been notified that there was a potential challenge to GEICO's opt out less than two days before—and had not been served with the Notice filed on Tuesday, July 31st—GEICO did not know that Defendants intended to raise their challenge at the hearing and that it needed representation.[8]  The Final Fairness Hearing occurred two days before the date on which the Round 3 Settling Defendants had proposed to meet and confer with GEICO's counsel.

Following, the Round 3 Settling Defendants filed their Motion to Deny Exclusion Request.   Defendants' 37-page motion asks the Court to invalidate GEICO's opt out and enter final judgment regarding the Round 3 Settlements—all without once hearing from GEICO. The Round 3 Settling Defendants' Motion to Deny Exclusion Request misrepresents GEICO's actions surrounding its opt out; misconstrues GEICO's narrow response to a subrogation argument made in the first round motion to dismiss briefing; and misinterprets the law governing the validity of GEICO's opt out.   GEICO files this Motion seeking leave to intervene in this matter to defend the validity of its exclusion and preserve its interests and rights.

_Corporation et al. v. Aisan Industry Co., Ltd. et al._, No. 2:18-cv-12210-JEL-MKM (July 7, 2018).  The failure to serve GEICO was intentional.  The Round 3 Settling Defendants clearly recognized that GEICO was entitled to receive notice of proceedings relevant to its opt out; GEICO was served notice of Defendants' Motion to Deny Exclusion Request on August 13, 2018 by some of the Round 3 Settling Defendants.

[8] The Round 3 Settling Defendants fault GEICO for failing to attend the Final Fairness Hearing, arguing that "GEICO counsel did not enter an appearance at the Fairness Hearing on August 1, [and] did not speak up when counsel for Defendants and Settlement Class Counsel discussed the validity of GEICO's exclusion request."  These arguments are manufactured by counsel, who failed to inform GEICO when it was first given notice of Round 3 Settling Defendants' challenge to GEICO's opt out that counsel planned to raise the issue at the Fairness Hearing and failed to serve GEICO with its Notice.  The Round 3 Settling Defendants deliberately timed their communications with GEICO to ensure GEICO was unaware of the need to address the opt out issue at the fairness hearing.

## ARGUMENT

**I.   GEICO SHOULD BE GRANTED LEAVE TO INTERVENE AS OF RIGHT PURSUANT TO FED. R. CIV. P. 24(A).**

GEICO has substantial interests in the issues concerning the validity of its opt out and the fairness determination of the Round 3 Settlements that are not adequately represented by the current parties.   Litigation Class Counsel has not indicated that it will represent GEICO's interests.   Even if it had, GEICO no longer has confidence that Class Counsel will represent GEICO's interests and desires to appear separate from Class Counsel.   The Court should grant GEICO leave to intervene in this case as a matter of right.

Rule 24(a) provides that "[u]pon timely motion, the court *must* permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24.   To intervene as a matter of right under Rule 24(a)(2), a proposed intervenor must establish the following elements: "(1) that the motion to intervene was timely; (2) that they have a substantial legal interest in the subject matter of the case; (3) that their ability to protect that interest may be impaired in the absence of intervention; and (4) that the parties already before the court may not adequately represent their interest."  *Parkwest Dev., LLC v. Ellahi*, No. 18-CV-10385, 2018 WL 3640433, at *2 (E.D. Mich. Aug. 1, 2018) (citing *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999)).   In determining whether intervention must be granted, the non-conclusory allegations of the motion must be accepted as true.  *Ellahi*, 2018 WL 3640433, at *2 (citing *Horrigan v. Thompson*, 145 F.3d 1331, 1998 WL 246008 at *2 (6th Cir. May 7, 1998)).

### A.  GEICO's Motion is Timely.

GEICO timely filed this Motion to Intervene only one day after the Round 3 Settling Defendants filed their Motion seeking to invalidate GEICO's exclusion.  The determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances.  *See Bradley v. Milliken*, 828 F.2d 1186, 1191 (6th Cir. 1987).  Courts in the Sixth Circuit have considered the following factors in evaluating the timeliness of a motion to intervene: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.  *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990).

GEICO provided notice to the Round 3 Settling Defendants of its exclusion from the Round 3 Settlements on July 11, 2018.  GEICO received notice of Defendants' intention to challenge its opt out, via email, for the first time on July 30, 2018—19 days after GEICO sent its exclusion request.  Following the receipt of this communication, GEICO responded to counsel for the Round 3 Settling Defendants, informing them that it believed its challenge was meritless and that GEICO's exclusion was valid.  In the interim—and unknown to GEICO or its counsel—the Round 3 Settling Defendants filed their Notice with the Court and raised issues concerning GEICO and its opt out at the Final Fairness Hearing—all without informing GEICO that it planned to discuss GEICO and its interests before the Court.  *See* Notice at 2.  Shortly after, the Round 3 Settling Defendants filed their Motion to Deny Exclusion Request.  Mot. to Deny

Exclusion Request at 1.  Given the Round 3 Settling Defendants' Notice and communications with the Court, and the representation in the Motion that Settlement Class Counsel would be filing its own motion on behalf of the putative class regarding GEICO's opt out, GEICO realized its interests were not being represented to the Court.[9]  Mot. to Deny Exclusion Request at 9. GEICO therefore promptly filed the instant Motion.

GEICO acted promptly to protect its interests, and no party will be prejudiced by its intervention at this stage of the proceedings.  Rather, it is GEICO that will be prejudiced if it is not permitted to intervene and be heard regarding issues that substantially affect its legal interests.

### B. GEICO Has a Substantial Legal Interest in the Subject Matter Challenge to Its Opt Out and Final Fairness Determination that will be Impaired Absent Intervention.

The Sixth Circuit has broadly construed what qualifies as a "legal interest" under Rule 24.  *See, e.g.*, *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997); *Milliken*, 828 F.2d at 1192 (the Sixth Circuit "has opted for a rather expansive notion of the interest sufficient to invoke intervention as of right.").  Under Sixth Circuit law, there is no specific legal interest required to support intervention.  *Bollinger*, 188 F.3d at 399; *see also Ellahi*, 2018 WL 3640433, at *2 ("an intervenor need not have the same standing necessary to initiate a lawsuit.").  Further, to demonstrate that its interest will be impaired absent intervention, a would-be intervenor need

---

[9] Because GEICO decided to opt out of the Round 3 Settlements, GEICO believes its interests were no longer being represented by Settlement Class Counsel at the fairness hearing, as it is no longer a member of the Round 3 EPP Settlement Class.  Moreover, the indication that "[a]ttorneys for Defendants have conferred with Settlement Class Counsel and understand that the Settlement Class Counsel will submit their own filing stating their positions on behalf of the End-Payor Plaintiffs," is clear evidence that GEICO's interests are not being represented by Settlement Class Counsel.  Mot. to Deny Exclusion Request at 9.

only show that impairment of its substantial legal interest is *possible* if intervention is denied. *Miller*, 103 F.3d at 1247.  This burden is "minimal." *Id.*

GEICO has a substantial legal interest in the subject matter of this case, and its interest would be impaired if the Court denies its request for intervention.  As described in its Complaint against the Round 3 Settling Defendants, *GEICO Corporation et al. v. Aisan Industry Co., Ltd. et al.,* Case No. 2:18-cv-12210-JEL-MKM, (E.D. Mich. 2018), ECF 1 ("Round 3 Complaint"), GEICO entities have paid for hundreds of thousands, if not millions, of replacement parts that were manufactured by the Round 3 Settling Defendants and their co-conspirators and for which prices were illegally inflated during the class periods.  GEICO also purchased fleet vehicles and reimbursed its insureds and claimants for the full value of vehicles in total loss situations containing parts that were manufactured by the Round 3 Settling Defendants for which prices were illegally inflated.  GEICO's injuries confirm it was a member of the Round 3 EPP Settlement Classes and explicitly opted out.

Absent intervention and an opportunity to respond to the Round 3 Settling Defendants objection to GEICO's opt out, GEICO would lose its opportunity to defend the validity of its exclusion from the Round 3 EPP Settlement Classes.  In the event the Court found GEICO's exclusion request was invalid, GEICO could be forced into the Round 3 Settlements, from which it unambiguously opted out.  The Court should allow GEICO to intervene in this matter to respond to the Round 3 Settling Defendants' claims as to the validity of its opt out and protect its interests.

### C.  Litigation and Settlement Class Counsel Cannot, and Does Not Purport to, Adequately Represent GEICO's Interests.

No party in the MDL currently represents GEICO's interests.  The burden on the moving party to demonstrate that its interests are not adequately protected by the existing parties to the

action is "minimal." *Miller*, 103 F.3d at 1247. The party seeking intervention "is not required to show that the representation *will in fact be* inadequate"; it is sufficient to show that it *may* be inadequate. *Spomer v. Citizens Ins. Co. of Midwest*, No. CV 17-11642, 2018 WL 3134568, at *4 (E.D. Mich. June 27, 2018). This burden is met if the moving party shows that its interests are inconsistent with those of the existing parties in the litigation, or that the existing parties "will not make all of the prospective intervenor's arguments." *Id*.

There is no question the parties to the Round 3 Settlements will not adequately represent GEICO's interests and have engaged in conduct detrimental to GEICO's interests. GEICO's interests are squarely in opposition to the Round 3 Settling Defendants, who have now informed the Court they challenge GEICO's exclusion. *See* Notice at 2; Mot. to Deny Exclusion Request. Neither will GEICO's interests be adequately represented by counsel for the End Payor Class Plaintiffs ("EPPs"), whose interests lie with obtaining approval of the Round 3 Settlements irrespective of GEICO's opt out. Further, Settlement Class Counsel never responded to GEICO's inquiry as to whether they would represent GEICO's interests. The Round 3 Settlements are identical to the Rounds 1 and 2 Settlements and appear to only harm GEICO, and Litigation and Settlement Class Counsel have never offered or explained otherwise to GEICO or this Court. Rather, Settlement Class Counsel has indicated an intent to file its own briefing on the validity of GEICO's opt out—without consulting or conferring with GEICO or counsel for GEICO. Mot. to Deny Exclusion Request at 9.

GEICO has unambiguously informed the parties of its intent to opt out of the Round 3 Settlements and pursue its own claims against the Round 3 Settling Defendants through both its opt-out letter and filed complaint. Round 3 Complaint; Ex. A, Mot. to Deny Exclusion Request (July 11, 2018 Letter to Automotive Parts Indirect Exclusions Settlement Fund). Because

GEICO's opt out was valid and effective, GEICO is no longer part of the Round 3 EPP Settlement Classes. GEICO has surpassed its "minimal" burden to show its interests will not be represented by the current parties to the Round 3 Settlements.

## II.   GEICO ALSO SHOULD BE ALLOWED TO INTERVENE PERMISSIVELY UNDER FED. R. CIV. P. 24(B).

Fed. R. Civ. P. 24 also provides for *permissive* intervention where an applicant's claim or defense and the main action have a question of law or fact in common. In determining whether to allow intervention, the court must consider whether the intervention will unduly delay or prejudice the original parties to the action. *See* Fed. R. Civ. P. 24(b).

Although GEICO has demonstrated intervention as of right, GEICO at a minimum should be permitted to intervene under Rule 24(b). GEICO's Complaint against the Round 3 Settling Defendants asserts substantially similar claims as those alleged in the *In re Automotive Parts* Class Action Complaints, including claims under the Sherman Act, 15 U.S.C. § 1, and claims for violation of state antitrust and consumer protection statutes. Round 3 Complaint. At the least, there are numerous questions of law and fact in common.

Further, GEICO's intervention will not prejudice any party or unduly delay the proceedings. GEICO's need to intervene is the result of the Round 3 Settling Defendants' own challenge; they will not be unduly prejudiced by GEICO's intervention to respond to an issue of their own making and an issue that directly impacts GEICO's rights. And GEICO's intervention will not unnecessarily delay the proceedings. Rather, GEICO's intervention at this juncture will allow the Court to resolve this issue before entering a final order approving the fairness of the Round 3 Settlements.

In sum, GEICO's intervention is the most equitable and efficient means by which the Court can resolve the Round 3 Settling Defendants' challenge to GEICO's exclusion request. The Court should permit GEICO to intervene under Rule 24(b).

III.    **THE COURT SHOULD PERMIT GEICO TO INTERVENE BECAUSE GEICO SHOULD HAVE THE OPPORTUNITY TO SHOW THAT ITS OPT OUT WAS VALID AND EFFECTIVE.**

The Round 3 Settling Defendants' lengthy Motion to Deny Exclusion Request contends that GEICO's opt out was ineffective as to GEICO and "any class member other than GEICO." Mot. to Deny Exclusion Request at 2.  The Round 3 Settling Defendants lodge a number of unfounded accusations at GEICO and attempt to distract the Court with its assertions that GEICO's opt out would create "chaos."  Mot. to Deny Exclusion Request at 23.  The Motion concedes, however, that the effect of GEICO's opt out is "significant for the overall litigation and settlements."  Mot. to Deny Exclusion Request at 2.  The tone and breadth of Round 3 Settling Defendants' legal argument makes clear: GEICO must be permitted to respond to the Motion to address these allegations and demonstrate the validity of its opt out before the Court.

### A. Defendants' Subrogation Argument Lacks Merit.

The bulk of Defendants' briefing is directed to a strawman: GEICO cannot opt out millions of its insureds from the class.  GEICO's exclusion letter did not opt out other class members besides itself and its affiliates, which Defendants repeatedly acknowledge.  *See, e.g.*, Mot. to Deny Exclusion at 6, 11.  Yet Defendants try to falsely attribute a mass opt out to GEICO in an attempt to bolster their exclusion challenge.  Defendants manufacture this supposed mass opt out so that they have a basis on which to make their ill-conceived subrogation argument.  Despite Defendants' claims otherwise, GEICO's claims asserted in its Complaint are not premised on subrogation rights, which derive when GEICO has paid an insured for his or her

loss to recoup the payment from the party responsible for the loss. For instance, upon payment to an insured who has been in an automobile accident, GEICO may then seek to recover its payment from the at-fault driver who caused the accident.

In contrast, GEICO's claims against the Round 3 Defendants derive from different rights—the right to pay prices for auto parts and vehicles that have not been unlawfully inflated in violation of the antitrust laws—and do not rely on a subrogation theory.[10] By paying for parts and vehicles, it is GEICO's right—not that of its insureds or claimants—to pursue antitrust, consumer protection and unjust enrichment claims for GEICO's overpayment of price-fixed automotive parts. The Round 3 Defendants' attempt to conflate GEICO's subrogation rights with GEICO's own rights to pursue claims based on violations of the antitrust and other laws. GEICO's Complaint speaks for itself. *See generally* Round 3 Complaint.

To the extent there are questions of fact related to GEICO's rights—including whether GEICO compensated its insured for antitrust injury or double payment—those are questions of fact that are appropriately addressed through motions practice in the case initiated by GEICO against the Round 3 Settling Defendants. *See* Round 3 Complaint.

The Round 3 Settling Defendants were well aware of the interests of insurance companies at the time they negotiated the Round 3 Settlements and cannot now claim that it would be unfair to allow GEICO to protect its interests. This is simply an attempt by Defendants to construe GEICO's opt out and Complaint in order to support their claim that these proceedings would create chaos and dissolve the settlement. But GEICO has already opted out of two rounds of settlements in the auto parts class actions—following the exact same steps it followed in this case. No chaos followed. The settlements have not collapsed. Round 1 Settling

---

[10] The Round 3 Defendants rely on GEICO's response to a narrow argument made in the Round 1 Motion to Dismiss briefing.

Defendants have presented their defenses to the Court, including many of the issues raised by Defendants here.  *See* Motion to Dismiss, *GEICO Corporation et al. v. Autoliv, Inc. et al.*, No. 2:16-cv-13189-MOB-MKM (E.D. Mich.), ECF 62.   Defendants' arguments are meritless and, to the extent they deserve any attention, should be addressed in the proper forum—the  lawsuit filed by GEICO.   In November 2017, this Court heard oral argument regarding this Motion to Dismiss.  GEICO understands that the Court is close to resolving this Motion to Dismiss.  The Round 2 Defendants and GEICO simply agreed to a stay until that Round 1 Motion is resolved. GEICO remains willing to a similar stay regarding the Round 3 case.

The Round 3 Settling Defendants' arguments related to alleged subrogation further confirm the need for GEICO to intervene in this matter to clarify GEICO's rights, defend GEICO's interests in this matter, and more fully respond to the Round 3 Settling Defendants' challenge to GEICO's opt out.

## B.  GEICO's Opt Out Was Valid.

The Court should allow GEICO to intervene to defend the validity of its opt out.  A finding that GEICO's opt out was ineffective—without the opportunity for GEICO to defend its exclusion request—would severely and improperly prejudice GEICO's interests.  Resolution of this matter should not delay these proceedings because it is clear GEICO effectively opted out of the class proceedings.

GEICO sent a letter on July 11, 2018—two days before the exclusion deadline of July 13, 2018—informing the class administrator that GEICO opted out of the Round 3 Settlements. GEICO filed its Complaint against the Round 3 Settling Defendants on July 13, 2018.  Both actions demonstrated an unequivocal intent not to be bound by the Round 3 Settlements. *E.g.*, 7AA Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1787 (3d ed.)

("any written evidence of [the desire to be excluded] should suffice"); *see also In re Brand Name Prescription Drugs Antitrust Litig.*, 171 F.R.D. 213, 216 (N.D. Ill. 1997) ("The clearest evidence of a desire to pursue its own litigation against the defendants is the filing of its case against the same [] defendants."). This is identical to the steps followed by GEICO in opting out of two prior settlement rounds in the auto parts class actions.

The opt out requirement contained in Fed. R. Civ. P. 23 protects absent class members' rights to seek relief outside of class proceedings. *See McCubbrey v. Boise Cascade Home & Land Corp.*, 71 F.R.D. 62 (N.D. Cal. 1976) ("The serious due process implications of holding an absent member bound by a class adjudication demand that we look beyond formalistic procedures to evaluate whether a class member has reasonably expressed a desire to be excluded from a class suit."). It also prevents absent class members from trying to benefit from sitting out the class action until it appears that the class resolution will be more favorable to their own interests. Contents of Notice in Rule 23(b)(3) Actions, 7AA Fed. Prac. & Proc. Civ. 1787 (3d ed.) (citing *Sarasota Oil Co. v. Greyhound Leasing & Fin. Corp.*, 483 F.2d 450, 452 (10th Cir. 1983). None of these policy interests are implicated by Defendants' objection. The Round 3 Defendants do not claim that they did not receive timely notice. They do not claim that GEICO's exclusion request did not evince an unequivocal intent not to be bound. GEICO's failure to comply with burdensome notice requirements has not disadvantaged Defendants in any way, who remain able to present their defenses in the new lawsuit filed by GEICO. While the Court can provide appropriate parameters for exclusion requests, procedure should not trump substance. GEICO provided a timely opt out and filed a detailed complaint setting forth its claims. Defendants seek to strip GEICO of its rights merely because it would be inconvenient for them to separately litigate GEICO's claims.

**IV.    THE COURT SHOULD STAY ITS FINAL FAIRNESS DETERMINATION OF
THE ROUND 3 SETTLEMENTS UNTIL GEICO HAS INTERVENE AND
REPRESENTED ITS INTERESTS BEFORE THE COURT.**

Because the Round 3 Defendants seek to force GEICO into a Settlement Class that is
clearly and unambiguously harmful to GEICO and to which GEICO would object if it had not
opted out, the Court should stay its final fairness determination and entry of final judgment
approving the Round 3 Settlements until GEICO receives an opportunity to be heard on the opt
out issue.

A district court generally has broad discretion to stay proceedings or a portion thereof as
part of its discretionary power to control its own docket. *FTC v. E.M.A. Nationwide, Inc.*, 767
F.3d 611, 626–27 (6th Cir. 2014); *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E.
Div.*, 565 F.2d 393, 396 (6th Cir. 1977) ("the power to stay proceedings is incidental to the
power inherent in every court to control the disposition of the causes in its docket with economy
of time and effort for itself, for counsel and for litigants."). Relevant to the Court's consideration
of the stay is whether the moving party will suffer irreparable injury if the case moves forward;
whether the non-party will be injured by the stay; and whether granting the stay will further the
interest in economical use of judicial time and resources. *Int'l Bhd. of Elec. Workers, Local
Union No. 2020, AFL-CIO v. AT&T Network Sys. (Columbia Works)*, 879 F.2d 864 (6th Cir.
1989).

The Round 3 Settling Defendants and Settlement Class Counsel have requested that the
Court enter an order approving the final fairness of the Round 3 Settlements and enter final
judgments before the Court addresses the Round 3 Settling Defendants' challenge to the validity
of GEICO's opt out. Mot. to Deny Exclusion at 4. This request undermines GEICO's right to be
heard on these issues and could potentially negatively impact its ability to object to the Round 3

Settlements if the Court found its opt out was not valid.  The Round 3 Settling Defendants' intent is clear:  they seek to force GEICO into the Round 3 EPP Settlement Class without permitting GEICO to be heard on the fairness of the settlements while simultaneously precluding GEICO's individual claims against the Round 3 Settling Defendants without having to respond to GEICO's Complaint on the merits.

Should the Court make a determination on the fairness of the settlements and enter final judgment without allowing GEICO to be heard on the Round 3 Defendants' challenge, GEICO could suffer irreparable injury to its interests and rights in the resolution of its claims against the Round 3 Settling Defendants.[11]   In addition, a determination from the Court absent representation of the issue from GEICO could result in additional proceedings on the issue following approval of the Round 3 Settlements.  The Court should therefore stay its determination of the final fairness of the Round 3 Settlements.

## CONCLUSION

The Round 3 Settling Defendants' challenge to GEICO's opt out could eliminate GEICO's right to pursue its individual claims against the Round 3 Settling Defendants. The Court should permit GEICO to intervene to address the validity of its exclusion request  pursuant to Fed. R. Civ. P. 24(a) and 24(b).  Further, the Court should stay any further fairness determination pending resolution of the validity of GEICO's opt out so that GEICO may be heard on all issues affecting its rights and interests going forward.

---

[11] Should the Court determine that GEICO's opt out was ineffective, GEICO would again be a member of the Round 3 EPP Settlement Class, and would have the right to be heard on issues related to the fairness of the Round 3 Settlements.  Fed. R. Civ. P. 23.

Dated:  August 14, 2018                Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP:

*s/ Dan Goldfine*
_____
Dan Goldfine (Adm ED MI, AZ Bar 018788)
dgoldfine@lrrc.com
201 East Washington St.
Suite 1200
Phoenix, AZ  85004
602-262-5392

Frederick J. Baumann (Adm ED MI, CO Bar 12156)
fbaumann@lrrc.com
Diane R. Hazel (Adm ED MI, CO Bar 42954)
dhazel@lrrc.com
1200 17th Street
Suite 3000
Denver, CO 80202

*Attorneys for Plaintiffs*


MYERS & MYERS, PLLC:

*/s Kelly A. Myers*
_____
Kelly A. Myers (P49143)
kmyers@myers2law.com
Rebecca J. Cassell (P64456)
rcassell@myers2law.com
915 N. Michigan Avenue
Howell, MI 48843
(517) 540-1700

*Local Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 14th day of August, 2018, I caused a true and correct copy of the foregoing Motion to Intervene and Stay Final Fairness Proceedings to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/ Dan Goldfine*

Dan Goldfine
201 East Washington St.
Suite 1200
Phoenix, AZ  85004
602-262-5392