# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | No. 12-md-02311<br>Hon. Marianne O. Battani |
| In Re: Wire Harness | : | Case No. 2:12-cv-00103 |
| In Re: Instrument Panel Clusters | : | Case No. 2:12-cv-00203 |
| In Re: Heater Control Panels | : | Case No. 2:12-cv-00403 |
| In Re: Bearings | : | Case No. 2:12-cv-00503 |
| In Re: Anti-Vibrational Rubber Parts | : | Case No. 2:13-cv-00803 |
| In Re: Windshield Wipers | : | Case No. 2:13-cv-00903 |
| In Re: Radiators | : | Case No. 2:13-cv-01003 |
| In Re: Starters | : | Case No. 2:13-cv-01103 |
| In Re: Automotive Lamps | : | Case No. 2:13-cv-01203 |
| In Re: Ignition Coils | : | Case No. 2:13-cv-01403 |
| In Re: HID Ballasts | : | Case No. 2:13-cv-01703 |
| In Re: Electronic Powered Steering Assemblies | : | Case No. 2:13-cv-01903 |
| In Re: Fan Motors | : | Case No. 2:13-cv-02103 |
| In Re: Fuel Injection Systems | : | Case No. 2:13-cv-02203 |
| In Re: Power Window Motors | : | Case No. 2:13-cv-02303 |
| In Re: Automatic Transmission Fluid Warmers | : | Case No. 2:13-cv-02403 |
| In Re: Air Conditioning Systems | : | Case No. 2:13-cv-02703 |
| In Re: Windshield Washer Systems | : | Case No. 2:13-cv-02803 |
| In Re: Constant Velocity Joint Boot Products | : | Case No. 2:14-cv-02903 |
| In Re: Spark Plugs | : | Case No. 2:15-cv-03003 |
| In Re: Shock Absorbers | : | Case No. 2:15-cv-03303 |
| In Re: Body Sealing Products | : | Case No. 2:16-cv-03403 |
| In Re: Interior Trim Products | : | Case No. 2:16-cv-03503 |
| In Re: Exhaust Systems | : | Case No. 2:16-cv-03703 |
| In Re: Ceramic Substrates | : | Case No. 2:16-cv-03803 |
| In Re: Access Mechanisms | : | Case No. 2:16-cv-04103 |
| | : | |
| THIS DOCUMENT RELATES TO:<br>END-PAYOR ACTIONS | : : | |

### END-PAYOR PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DENY GEICO'S EXCLUSION REQUEST AS INVALID AND INEFFECTIVE

6012020v1/012878

End-Payor Plaintiffs ("EPPs") respectfully submit this memorandum in response to the Round 3 Settling Defendants' Motion to Deny Geico's Exclusion Request As Invalid and Ineffective ("Motion to Deny").[1]

First, the Round 3 Settling Defendants assert that "without the consent or even knowledge of potentially millions of other Class Members, GEICO seeks to exclude those other Class Members from the Round 3 Settlement Classes, deny those Class Members the benefits of the Round 3 Settlements, and pursue claims subject to the Settlement Agreements and Releases that the Court has stated it intends to approve." Motion to Deny at 2. GEICO has stated that "GEICO's exclusion letter did not opt out other class members besides itself and its affiliates." *See In Re: Automotive Parts Antitrust Litigation, In re: Shock Absorbers,* Case No. 2:15-cv-03303-MOB-MKM, Dkt. No. 96, filed on August 15, 2018 ("Motion to Intervene") at 13. GEICO has thus expressly clarified that its request for exclusion does not purport to opt out other class members. EPPs also understand that GEICO no longer contends that unidentified class members lacked the right to release the claims resolved by the Round 3 Settlements.

Second, the Round 3 Settling Defendants assert that "GEICO's potential subrogation rights—arising from its payments under automobile policies for covered losses—extend only to those covered losses," and "create no subrogation rights to unrelated losses, including alleged losses to Class Members giving rise to antitrust claims." Motion to Deny at 3. GEICO has now stated that its claims "are not premised on subrogation rights." Motion to Intervene at 13.

Third, the Round 3 Settling Defendants assert that "the Court should declare invalid GEICO's exclusion request, because GEICO—an experienced and sophisticated litigant represented by experienced outside counsel—did not comply with the clear and unambiguous

---

[1] *See, e.g., In Re: Automotive Parts Antitrust Litigation, In re: Shock Absorbers,* Case No. 2:15-cv-03303-MOB-MKM, Dkt. No. 93, filed on August 13, 2018.

exclusion requirements that were set forth in the Court's March 2018 Class Notice." Motion to Deny at 3. EPPs take no position on the opt out request validity arguments advanced by defendants or GEICO.

The proposed final judgments being contemporaneously lodged with the Court for the Round 3 Settlements state that the Court will expressly reserve continuing jurisdiction to resolve the validity of GEICO's opt out request. Those judgments provide as follows:

> A request for exclusion from the Settlement Class has been received from GEICO and its expressly identified affiliates. [Settling Defendant] has raised objections to the validity and effect of this request. The Court will resolve those objections in a subsequent order in the above-captioned action pursuant to Paragraph 11 above. Accordingly, without affecting the finality of this Judgment in any way, the Court hereby retains exclusive and continuing jurisdiction to determine the validity and effect of the request for exclusion submitted by GEICO and its expressly identified affiliates notwithstanding the entry of this Judgment.

This Court can and should enter those judgments at this time and reserve for later determination the question of the validity of GEICO's opt out request.

Fourth, Defendants assert that "GEICO's continued prosecution of its recently filed complaint against the Round 3 Defendants violates the litigation stays already orders as part of the Court's Preliminary Approval Orders." Motion to Deny at 4. EPPs take no position on the litigation stay arguments advanced by defendants.

Dated:  August 27, 2018                    Respectfully submitted,

                                           SUSMAN GODFREY L.L.P.

                                           */s/ Marc M. Seltzer*
                                           Marc M. Seltzer
                                           Steven G. Sklaver
                                           1900 Avenue of the Stars, Suite 1400
                                           Los Angeles, California 90067-6029
                                           Telephone: (310) 789-3100
                                           mseltzer@susmangodfrey.com
                                           ssklaver@susmangodfrey.com

2

Terrell W. Oxford
Chanler A. Langham
SUSMAN GODFREY LLP
1000 Louisiana Street, 5100
Houston, Texas 77002
Telephone: (713) 651-9366
toxford@susmangodfrey.com
clangham@susmangodfrey.com

Adam J. Zapala
Elizabeth Castillo
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000
azapala@cmplegal.com
ecastillo@cpmlegal.com

Hollis Salzman
Bernard Persky
William V. Reiss
ROBINS KAPLAN LLP
399 Park Avenue, Suite 3600
New York, New York 10022
Telephone: (212) 980-7400
hsalzman@robbinskaplan.com
bpersky@robbinskaplan.com
wreiss@robbinskaplan.com

*Interim Co-Lead Class Counsel for End-Payor Plaintiffs*

E. Powell Miller (P39487)
Devon P. Allard (P71712)
THE MILLER LAW FIRM
950 W. University Drive, Suite 300
Rochester, Michigan 48307
Telephone: (248) 841-2200
epm@millerlawpc.com
dpa@millerlawpc.com

*Interim Liaison Counsel for End-Payor Plaintiffs*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

>                                   */s/ Marc M. Seltzer*
>                                   Marc M. Seltzer
>                                   **SUSMAN GODFREY L.L.P.**